UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No.:14 CR 705 |
| PABLO VEGA CUEVAS, | ) ) | Judge Gary Feinerman |
| Defendant. | ) | |

FILED
SEP 9 2016
Judge Gary Feinerman
United States District Court

### PETITION TO ENTER A PLEA OF GUILTY

Defendant, **PABLO VEGA CUEVAS,** individually and by counsel, **ROBERT L. RASCIA,** pursuant to Rule 11 of the Federal Rules of Criminal Procedure, seeks leave to withdraw his previously entered plea of not guilty and enter a plea of guilty.

The defendant represents to the court as follows:

1. The defendant is petitioning the Court to accept his plea of guilty to Count One of the indictment in this matter, charging the defendant with conspiracy to possess with intent to distribute and distribute one kilogram or more of heroin, in Violation of Title 21, United States Code, Section 846 and 841 (a) (1).

2. The defendant's full name is Pablo Vega Cuevas.

3. The defendant is 41 years old.

4. The defendant was born in Mexico, and is a lawful permanent resident.

5. The defendant completed 6 years of academic training in Mexico. Defendant attended Middle School and High School in Aurora, Illinois, but did not graduate from High School.

RASCIA & HIMEL, LTD.

ATTORNEYS AT LAW
650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

1

6. The defendant's primary language is Spanish. The defendant has been assisted by a Spanish language interpreter in all attorney/client conferences.

7. The defendant has received a copy of the indictment. The defendant has read the indictment and discussed the indictment with his attorney, Robert L. Rascia. The defendant understands the charges brought against him in this case.

8. The defendant acknowledges that the indictment in this matter charges him with the following offenses:

a. Count One: conspiracy to possess with intent to distribute and distribute a controlled substance, namely, one kilogram or more of a mixtures and substance containing a detectable amount of heroin, in violation of Title 21 United States Code Section 841 (a) (1) and 846;

b. Counts 2, 8, 14, 17, 19 and 28; unlawful use of a communication facility, in violation of Title 21, United States Code, Section 843 (b);

c. Counts 15, 16, 18, 20, 21 and 26: possession with intent to distribute one kilogram or more of heroin, in violation of Title 21, United States Code, Section 841 (a) (1);

d. Counts 9, 12, 22, 24, 25 and 27: distribution of one kilogram or more of heroin, in violation of Title 21, United States Code, Section 841 (a) (1).

9. In support of his petition to enter a plea of guilty the defendant admits the following:

Beginning no later than in or about July 30, 2013, and continuing until on or about October 2014, in the Northern District of Illinois, Eastern Division and elsewhere, the defendant did conspire with Arturo Martinez, Alexander Figueroa, Roberto Sanchez, Eliseo Betancourt-Pereira, Santos Wilfredo Sorto Hernandez, Jose Rodriguez, and others, to

RASCIA & HIMEL, LTD.

ATTORNEYS AT LAW
650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

knowingly and intentionally possess with intent to distribute and to distribute a controlled substance, namely, one kilogram or more of mixture and substance containing a detectable amount of heroin.

Beginning in or about July 2013 and continuing until October 2014 the defendant participated in a scheme to import wholesale kilogram quantities of heroin from Mexico and arrange for the distribution of the heroin to wholesale customers in the Northern District of Illinois. The defendant, along with Arturo Martinez, Alexander Figueroa, Roberto Sanchez, Eliseo Betancourt-Pereira, Santos Wilfredo Sorto Hernandez, Jose Rodriguez and others received the heroin shipments in Illinois, and then delivered the kilogram quantities to wholesale customers, which included Roberto Sanchez and Jose Rodriguez.

The defendant took directions from members of the Guerrero Unidos Drug Trafficking Organization ("GUDTO") which was based in Mexico. Through electronic communications with individuals based in Mexico the defendant would be advised of heroin shipments which came by way commercial passenger buses equipped with concealed compartments, or "traps," that travelled between Mexico and Chicago. The defendant also communicated with the Chicago based co-conspirators electronically. Upon arrival in the Chicagoland area the buses would arrive at one of three warehouses located in Chicago, Aurora and Batavia. Upon arrival at one of the designated warehouses the heroin would be removed from the trap, stored briefly, and then distributed to customers as directed by individuals based in Mexico.

The defendant participated in the following events as part of his role in furtherance of the conspiracy to possess and distribute heroin:

RASCIA & HIMEL, LTD.

ATTORNEYS AT LAW
650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

February, 2014, unloading of heroin from a commercial bus that arrived from Mexico at a warehouse in the vicinity of 31st Street and Ashland Avenue in Chicago, Illinois. The heroin was later distributed to customers.

Between March 18, 2014 and March 21, 2014, the defendant sold Roberto Sanchez approximately 3 kilograms of heroin.

Between April 26, 2014 and April 28, 2014 the defendant arranged the delivery of two kilograms of heroin to Roberto Sanchez.

On April 28, 2014, the defendant, along with Alexander Figueroa and Santos Wilfredo Sorto Hernandez participated in the unloading of 26 kilograms of heroin from a commercial passenger bus from Mexico. The heroin was later distributed to customers.

On June 1, 2014, the defendant, along with Alexander Figueroa and Santos Wilfredo Sorto Hernandez participated in the off-loading of 26 kilograms of heroin.

On or about June 6, 2014, the defendant along with Alexander Figueroa and Eliseo Batancourt-Pereira unloaded approximately 20 kilograms of heroin from a commercial bus. The heroin was later distributed to customers.

The defendant acknowledges that during the time period alleged in the indictment he possessed with the intent to distribute, and did distribute, more than 1 kilogram of heroin.

10. The defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a. A maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 10 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation for this offense. This offense also carries a maximum fine of $10,000,000. Defendant further understands that the judge also must

RASCIA & HIMEL, LTD.

ATTORNEYS AT LAW
650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

4

impose a term of supervised release of at least five years, and up to any number of years, including life.

    b.    In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

11. The defendant understands that he may have to pay a fine.

12. The defendant understands that he has the right to be represented by an attorney at every stage of this legal proceeding and if he is financially unable to hire an attorney one will be appointed to represent him.

13. The defendant understands that he has a right to plead not guilty, or to persist in a not guilty plea already made, and that if he chooses to plead not guilty the Constitution guarantees him the following rights which he acknowledges and he is waiving by pleading guilty;

    (a)    the right to a speedy and public trial by a jury; or, if both parties and the Court agree, a trial by the judge sitting without a jury;

    (b)    if the trial is by jury, the right to have some say in who would be selected as jurors by exercising "cause" challenges for jurors who have an actual bias or other disqualifying reason, or by exercising "peremptory challenges" even where no actual bias is shown;

    (c)    the right to confront and cross-examine adverse witnesses;

    (d)    the right to use the power and the process of the court to compel the production of any evidence, including the attendance of any witnesses in my favor, at my trial;

    (e)    the right to the assistance of counsel at every stage of the proceedings, including an appeal if need be;

RASCIA & HIMEL, LTD.

ATTORNEYS AT LAW
650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

(f) the right to remain silent, including a right not to be compelled to testify at my trial, including the right to have the jury instructed that my silence could not be held against me;

(g) the right to testify in my own defense at the trial if I so choose; and

(h) a right to appeal my conviction and my sentence to a higher Court even if I am financially unable to pay the cost of an appeal.

14. The defendant understands that while he cannot appeal his conviction if he pleads guilty, he can appeal his sentence.

15. The defendant understands that if his plea of guilty is accepted by the Court there will not be a further trial of any kind and that by pleading guilty he waives the right to a trial.

16. The defendant has discussed with his attorney the advisory sentencing guideline, and the defendant understands that the Court must calculate the guidelines, consider them in determining a reasonable sentence, but that the Court is not required to impose a guideline sentence. Rather, it is the defendant's understanding that the Court will impose a sentence consistent with the factors set forth in Title 18 U.S.C. §3553 (a).

17. Notwithstanding the advisory nature of the federal sentencing guidelines, the defendant understands that the following calculation may be used to determine the guideline recommended sentence:

(a) The defendant understands that the government will likely assert that the base offense level is 38, pursuant to guidelines §§2D1.1 (a) (5) and (c) (1), because the amount of cocaine involved in the offense and for which he is accountable is approximately 132 kilograms of heroin and approximately 120 kilograms of cocaine. The defendant reserves the right to disagree with that position;

RASCIA & HIMEL, LTD.

ATTORNEYS AT LAW
650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

(b) The defendant understands that the government will likely assert that the offense level should be increased by 2 because the defendant maintained a premise for the purpose of distributing a controlled substance, pursuant to Guideline §2D1.1 (b) (12). The defendant reserves the right to challenge that claim at the time of his sentencing;

(c) The defendant understands that the government will likely assert that the offense level should be increased by two levels because the defendant receives an aggravating role adjustment under Guideline §3B1.1 and defendant was directly involved in the importation of narcotics and he committed the offense as part of a pattern of criminal conduct engaged in as a likelihood, pursuant to Guideline §2D1.1 (b) (15) (c) and (E). The defendant reserves the right to challenge that claim at the time of sentencing;

(d) The defendant understands that the Government will likely assert that the offense level be increased by 4 levels because defendant was the leader of a criminal activity that involved five or more participants and was otherwise extensive, pursuant to Guideline §3B1.1 (a). The defendant reserves the right to challenge that claim at the time of sentencing;

(e) The defendant believes that he has satisfied the criteria for the Application of Guideline §3E1.1 (a) resulting in a two level reduction in the offense Level;

(f) The defendant believes that he has timely notified the government of his intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as

RASCIA & HIMEL, LTD.

ATTORNEYS AT LAW
650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

provided by Guideline §3E1.1 (b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, an additional one level reduction in the offense level should apply, pursuant to Guideline §3E1.1 (b);

(g)     The defendant's criminal history points, based on facts now known to the defendant, are zero, and his criminal history Category is I.

18.     The defendant is aware that the government will likely assert that the total offense level is 43, which when combined with the anticipated criminal history category of I, results on an anticipated advisory guideline range of life imprisonment. The defendant disagrees with this calculation. The defendant also acknowledges that he is subject to a statutory minimum sentence of 10 years imprisonment.

19.     The defendant understands that the above calculations are preliminary in nature, and based in part on facts known to the defendant and the government as of the time of this petition. The defendant understands that the Probation Department will conduct its own investigation and that the Court will ultimately determine the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guideline Calculation.

20.     Despite the preliminary guideline calculations set forth above, the defendant understands that the Court ultimately determines the proper guidelines, and that he will not have a right to withdraw his plea of guilty solely because the Court disagrees with one or more of the calculations set forth above, or otherwise calculates the guidelines in a manner different that the defendant expects.

RASCIA & HIMEL, LTD.

ATTORNEYS AT LAW
650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100

8

21. The defendant understands that errors in calculations or interpretations of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application.

22. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to an offense that is an "aggravated felony" as that term is defined in Title 8, United States Code, Section 1101 (a) (43), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his automatic removal from the United States.

23. The defendant declares that he offers his plea of guilty freely and voluntarily and of his own accord. No promises or threats have been made to me the defendant to induce him to enter a plea of guilty.

Dated: 9/9/16

**PABLO VEGA CUEVAS**, Defendant

**ROBERT L. RASCIA**, Attorney
For the Defendant

RASCIA & HIMEL, LTD.

ATTORNEYS AT LAW
650 NORTH DEARBORN
SUITE 700
CHICAGO, IL 60654
(312) 994-9100